IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

MAXIMINO MELERO-FILETO,

Defendant.

04 AUG 20 PM 1:44

CLERK-ALBUQUERQUE

No. CIV-04-0842 LH/WDS
CR-02-1889 LH

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, under Rule 4(b) Governing Section 2255 Proceedings, to consider Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. #1; CR Doc. #58) filed July 26, 2004. The motion asserts two claims. First, Defendant claims that, under the recent decision in *Blakely v. Washington*, --- U.S. ---, 124 S. Ct. 2531 (2004), his sentence was illegally enhanced. Second, he claims his guilty plea to Count III, for carrying a firearm under 18 U.S.C. § 924(c)(1)(A)(i), resulted from ineffective assistance of counsel and was thus involuntary. Defendant asks that his conviction on Count III of the indictment be set aside and his sentence be reduced. The motion will be dismissed.

Defendant's first claim is that his sentence was increased based on facts other than those he admitted in his plea agreement. This claim arises under *Blakely*, which applied the rule announced by the Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Blakely*, 124 S. Ct. at 2536. The Court in *Apprendi* held that a sentence greater than the statutory maximum must be based on facts found by a jury beyond a reasonable doubt. *Apprendi*, 530 U.S. at 490. In *Blakely*, the Court applied the *Apprendi* rule in reversing a state court sentence greater than the state's guideline range for the offense stipulated in the defendant's guilty plea. 124 S. Ct. at 2538. The Tenth Circuit has ruled that



*Apprendi* "is not a watershed decision and hence is not retroactively applicable to initial habeas petitions." *United States v. Mora*, 293 F.3d 1213, 1219 (10th Cir. 2002); *see also United States v. McFadden*, No. 01-6373, 2002 WL 1435913, at **2 (10th Cir. July 3, 2002) (same for § 2255 motions). For purposes of retroactivity analysis, the decision in *Blakely* merely applies the previously announced *Apprendi* rule, *see Blakely*, 124 S. Ct. at 2536, and is thus not available to Defendant on collateral review of his criminal conviction. Defendant's *Blakely* claim will be dismissed.

Defendant's second claim is that his conviction for violation of 18 U.S.C. § 924(c)(1)(A)(i) is illegal. Count III of the indictment charged Defendant with carrying a firearm during and in relation to drug trafficking. Defendant pleaded guilty to the charge and does not expressly deny that he carried a firearm. He asserts that there was no evidence that he used the weapon, intended to use the weapon, or possessed the weapon in furtherance of the drug offense. His guilty plea was thus involuntary, and his attorney's failure to move for dismissal of Count III deprived Defendant of effective assistance of counsel.

Under § 924(c)(1)(A), a person who commits a drug trafficking crime may be indicted for any of three specific firearms activities related to the drug crime. As stated in the statute, "any person who, during and in relation to any . . . drug trafficking crime . . . <u>uses</u> or <u>carries</u> a firearm, <u>or</u> who, <u>in furtherance of any such crime, possesses</u> a firearm" is subject to a mandatory additional minimum 5-year sentence. § 924(c)(1)(A)(i) (emphasis added). Because Defendant was charged with carrying, his arguments against using or possessing the weapon have no bearing on his conviction. "Under the interpretation we enunciate today, . . . a firearm can be carried without being used, *e.g.*, when an offender keeps a gun hidden in his clothing throughout a drug transaction." *Bailey v. United States*, 516 U.S. 137, 146 (1995). Defendant's arguments provide no basis for relief.

Alternatively, the Court assumes, for purposes of this order only, that Defendant's arguments

2

reflect a misunderstanding of the nature of his conviction, and he is actually challenging his guilty plea for carrying a firearm. "[W]hen a defendant pleads guilty, . . . it is necessary only that the court 'mak[e] such inquiry as shall satisfy it that there is a factual basis for the plea.'" *United States v. Barnhardt*, 93 F.3d 706, 709 (10th Cir. 1996) (quoting Fed.R.Crim.P. 11(f)). Defendant does not dispute that he had transported the gun in the car prior to the drug transaction. Defendant's motion, therefore, does not refute that "the gun was being transported in the vehicle . . . , that [he] possessed the gun, and that he did so during and in relation to a drug trafficking offense." *United States v. Holland*, 116 F.3d 1353, 1359 (10th Cir. 1997); *and see, e.g., United States v. Miller*, 84 F.3d 1244, 1259 (10th Cir. 1996) (noting that rulings on "carrying" after *Bailey* confirm "our pre-*Bailey* cases . . . that the government is required to prove only that the defendant transported a firearm . . . and that he had actual or constructive possession of the firearm while doing so"). Defendant's plea rested on a satisfactory factual and legal basis, and was therefore voluntary. *Barnhardt*, 93 F.3d at 709. As a further result, Defendant's allegations do not state a claim for ineffective assistance of counsel. *Tillis v. Ward*, No. 02-6389, 2003 WL 21101495, at *1 (10th Cir. May 15, 2003) (upholding dismissal of ineffective assistance claim in absence of showing of prejudice). Defendant is not entitled to relief. Rule 4(b), and the motion will be dismissed.

IT IS THEREFORE ORDERED that Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. #1; CR Doc. #58) filed July 26, 2004, is hereby DISMISSED, and, pursuant to Fed.R.Civ.P. 58(a)(2)(A)(iii), *United States v. Sam*, No. 02-2307, 2003 WL 21702490, at *1 (10th Cir. July 23, 2003), judgment will be entered in accordance with this order.

UNITED STATES DISTRICT JUDGE

3